UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

UNITED STATES OF AMERICA

v.                                                                    CRIMINAL ACTION NO. 5:21-cr-00149

ANDREW DANIEL SPRINKLE

### MEMORANDUM OPINION AND ORDER

Pending is the United States' Objection to the draft Presentence Investigation Report ("Report" or "PSR"), submitted to the Probation Office and preserved within the April 12, 2022 Addendum to the Report. The United States properly preserved the Objection in its sentencing memorandum, filed April 21, 2022. [Doc. 38]. On May 27, 2022, the Court convened the sentencing of Defendant Andrew Daniel Sprinkle. At the hearing, the Court continued the matter and directed the parties to file supplemental briefs on the issue of the applicability of a career offender enhancement. [Doc. 45]. The parties timely filed the briefs and responses, [Docs. 48, 49, 50, 51, 52], and the matter is ready for adjudication.

I.

On January 27, 2022, Mr. Sprinkle pled guilty to Count One of the Indictment, which charged him with distributing of a quantity of methamphetamine, a Schedule II Controlled Substance, in violation of 21 U.S.C. § 841(a)(1). [Doc. 36]. Mr. Sprinkle has prior felony convictions of manufacturing methamphetamine and possession with intent to distribute marijuana

and sell/deliver marijuana in 2008 and 2015, respectively. [PSR ¶¶ 43–44]. These convictions were for violations of North Carolina General Statute § 90-95(a). [*Id.*].

After Mr. Sprinkle's guilty plea, the Court directed the United States Probation Office to prepare the Report. The Probation Office considered recommending, but ultimately rejected, a career offender sentencing enhancement. Two separate grounds supported that decision. [PSR ¶ 33]. First, considering *United States v. Campbell*, 22 F.4th 438 (4th Cir. 2022), the Report concluded Mr. Sprinkle's previous felony convictions in North Carolina are not predicate controlled substance offenses under U.S.S.G. § 4B1.2(b). [PSR ¶ 33]. Second, the probation officer stated the underlying offense of distribution of a quantity of methamphetamine in violation of 21 U.S.C. § 841(a) is likewise not a controlled substance offense. [PSR Ad. at 25].

The United States disagrees. It contends Mr. Sprinkle's previous felony convictions from North Carolina are both qualifying, predicate controlled substance offenses -- namely, for (1) manufacturing methamphetamine, and (2) possessing with intent to distribute marijuana. [PSR Ad. at 25, Doc. 49]. Respecting the North Carolina conviction for manufacturing methamphetamine, the United States maintains it is a qualifying, predicate offense inasmuch as the statute's definition of "manufacture" does not mention attempt or delivery. [Doc. 49 at 11]. Respecting the possession offense, the United States asserts the North Carolina statute is divisible under the categorical approach, and thus the crime was completed, not attempted. [Doc. 49 at 9–10]. The Government additionally urges the Court to conclude that the instant federal § 841 offense is the proposed enhancement's triggering conviction.

2

II.

A federal offender is subject to a career offender enhancement upon satisfaction of three requirements:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1. The United States Sentencing Guidelines defines a controlled substance offense as follows:

> The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

*Id.* § 4B1.2(b).

Importantly, the U.S.S.G. § 4B1.2(b) definition of "controlled substance offense" does not include attempt offenses. *United States v. Campbell*, 22 F.4th 438, 440, 447 (4th Cir. 2022) ("[W]hen commentary is inconsistent with an unambiguous guideline, the Sentencing Reform Act itself commands compliance with the guideline, [not the commentary].").

To determine whether an offense qualifies as a "controlled substance offense" under the Guidelines, courts use the "categorical approach." This approach "focuses on the elements, rather than the facts, of the prior offense." *United States v. Shell*, 789 F.3d 335, 338 (4th Cir. 2015) (cleaned up). "What matters for the categorical approach is how the law defines the offense generically, and not the particulars of how an individual might have committed the offense on a given occasion." *Id.* When applying this approach, a court must identify "the most innocent conduct" covered by the offense and then determine whether that conduct satisfies any prong of

the controlled substance offense definition. *Id.* at 339. If the "least culpable" conduct criminalized by the statute does not meet the guideline definition of a "controlled substance offense," the conviction cannot support a career offender enhancement. *United States v. King*, 673 F.3d 274, 278 (4th Cir. 2012). A court must thus "set aside the particulars of [the defendant's] actions underlying his convictions" and "ask whether the offense of conviction -- no matter the defendant's specific conduct -- necessarily falls within the Guidelines' definition of a 'controlled substance offense.'" *Id.* A prior conviction qualifies as a predicate controlled substance offense "only if all of the ways of violating the statute, including the least culpable, satisfy the Guidelines' definition" of a controlled substance offense. *United States v. Walker*, 858 F.3d 196, 199 (4th Cir. 2017).

### III.

#### A. *Previous Felonies under North Carolina Law*

The first issue is whether Mr. Sprinkle's previous North Carolina convictions are qualifying, predicate offenses. In 2008, Mr. Sprinkle was convicted of the felony manufacture of methamphetamine under North Carolina General Statute § 90-95(a)(1). In 2015, Mr. Sprinkle was convicted under the same statute for felony possession with the intent to deliver marijuana. The subject statute provides: "[I]t is unlawful for any person . . . [t]o manufacture, sell or deliver, or possess with intent to manufacture, sell or deliver, a controlled substance . . . ." N.C. Gen. Stat. § 90-95(a)(1). "Deliver" or "delivery" is then defined as "the actual constructive, or *attempted transfer* from one person to another of a controlled substance." *Id.* § 90-87(7) (emphasis added).

In asserting the North Carolina convictions qualify as prior controlled substance convictions, the United States relies on *United States v. Sizemore*, No. 19-4508, 2022 WL 168439

(4th Cir. Jan. 19, 2022). It is noteworthy the *Sizemore* matter involved plain error review and the application of U.S.S.G. § 2K2.1(a)(2), which provides for a higher base level offense for a violation of 18 U.S.C. § 922(g) if the defendant has prior felonies for controlled substance offenses. *Id.*, at *2. Furthermore, *Sizemore* presented a different question than the one under the present consideration. The circumstances in *Sizemore* did not involve a career offender enhancement, but instead whether the subject North Carolina statute was similar to the Guideline's definition of a controlled substance offense. Furthermore, *Sizemore* relied on a pre-*Campbell* case that assumed without holding that the Commentary of 4B1.2 was applicable. *See United States v. Dozier*, 848 F.3d 180 (4th Cir. 2017). Thus, neither the decision in *Sizemore* nor the *Dozier* case are helpful.

The United States is also mistaken that inasmuch as the language and definitions of the North Carolina statute are (putatively) materially the same as the language and definitions of § 841, the North Carolina offenses must be controlled substance offenses under § 4B1.1. [Doc. 49 at 5 (comparing N.C. Gen. Stat. §§ 90-95 and 90-87 to 21 U.S.C. §§ 802(11) and 802(8))]. The question is not whether the state offense aligns somewhat with § 841; the pertinent inquiry is whether the state offense materially matches the applicable Guideline text.

The Government also contends that the North Carolina statute is divisible under *Mathis v. United States*, 579 U.S. 500 (2016), inasmuch as, it asserts, separate elements would need to be established for each provision within the statute. The Court, however, declines to use the modified categorical approach in assessing the least culpable misconduct under N.C. Gen. Stat. § 90-95(a). Simply put, the statute is indivisible. A statute is divisible if it "list[s] elements in the alternative . . . and thereby define[s] multiple crimes." *Mathis*, 579 U.S. at 505. "Where the statute defines the offense broadly rather than alternatively, the statute is not divisible, and the modified

categorical approach simply 'has no role to play.'" *Cabrera-Umanzor*, 728 F.3d 347, 350 (4th Cir. 2013) (quoting *Descamps v. United States*, 570 U.S. 254, 264 (2013)).

The North Carolina statute does not define multiple offenses; rather, its subcategories provide different ways of committing the same offense. The North Carolina statute was drafted so that manufacturing, selling, and delivering are all violations of the same subsection. Moreover, the same penalties apply to all violations of §90-95(a)(1), regardless of whether the controlled substance was manufactured, sold, or delivered or possessed with the intent to do so. Finally, the North Carolina statute is almost identical to a counterpart West Virginia statute, which our Court of Appeals reviewed under the categorical approach.

Applying the categorical approach, the North Carolina convictions were produced by a statute that criminalizes attempted transfers. They are thus not, under *Campbell*, qualifying, predicate controlled substance offenses under the Career Offender Guideline. *Campbell*, 22 F.4th at 442, 444.[1]

B.  **Section 841(a)**

Inasmuch as there is lacking sufficient qualifying predicates, the Court does not reach whether § 841(a) offenses pull the necessary career offender trigger. Accordingly, the question is left for another day.

---

[1] Moreover, an unpublished opinion recently concluded as much. *United States v. Locklear*, No. 19-4473, 2022 WL 2764421, at *2 (4th Cir. July 15, 2022) (finding convictions under N.C. Gen. Stat. §§ 90-87(7) and 90-95(a)(1) were not predicate offenses).

IV.

For the foregoing reasons, the Court **OVERRULES** the United States' Objection to the Report.

The Clerk is directed to transmit a copy of this written opinion and order to the defendant and counsel of record.

ENTER: July 29, 2022

Frank W. Volk
United States District Judge